[No. 8114. Department One. November 5, 1909.]

## A. H. JONES, *Appellant*, v. DANIEL JONES *et al.*, *Respondents.*[1]

BROKERS—CONTRACT OF AGENT—RECOVERY OF DEPOSIT—PARTIES LIABLE. Where lots were sold by one of the defendants to G. and resold by G. to the plaintiff, the fact that G.'s agent in effecting the resale was also a selling agent for the first defendant and officed with the other defendant, would not render the defendants liable for the return of plaintiff's earnest money on G.'s failure to consummate the resale to plaintiff; plaintiff's only remedy being against G. and his agent.

MONEY RECEIVED—PLEADING AND PROOF—VARIANCE. Where an agent, occupying an office jointly with defendant, effected a sale and left the state, and defendant found among the agent's papers a certificate of deposit endorsed in blank, in an envelope showing that it was part of the earnest money paid to the agent, the fact that defendant deposited the certificate in bank to his own account, and held it subject to the agent's order, would not render defendant liable to the vendee on a complaint alleging that defendant had made the sale and received the earnest money, defendant having had no connection with the transaction and no business connection with the agent.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 4, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action on contract. Affirmed.

[1]Reported in 104 Pac. 786.

*Million & Houser* and *George M. Sinclair*, for appellant.

*Hermon W. Craven*, for respondents.

Morris, J.—On April 17, 1907, W. N. Pinkston, on behalf of the appellant, entered into a contract for the purchase of lots 1, 2, and 3, block 24, of Mt. Baker Park Addition to Seattle. Two hundred dollars was paid in cash, and the balance payable within eighteen months. The contract was executed on behalf of James Green, claiming to be the owner of the lots, by F. L. Fehren, and provided that it was made subject to the owner's acceptance. No subsequent payments were made, and thereafter appellant brought this action, alleging that The Hunter Tract Improvement Company was at all times the owner of the lots mentioned, and that in April, 1907, it entered into a contract with James Green for the sale to him of said lots upon terms not known to the plaintiff; that thereafter F. L. Fehren, then being the agent of the Improvement Company and of Daniel Jones & Company, and acting for them, entered into the first-mentioned contract with Pinkston, and received the $200 for and on behalf of the Improvement Company and Daniel Jones & Company; that appellant, upon examination of an abstract, discovered what he claimed to be an encumbrance upon the title, and demanded its removal, and his demand being refused, he then presented the contract to Green for his approval, but that Green refused to approve same, and he then demanded the return of his $200, which being refused, the action was brought. The record for some reason omits any other pleading, and we are therefore unable to determine what the answers were. We assume, however, that the issues were properly joined between appellant and respondents Daniel Jones & Company and the Hunter Tract Improvement Company. James Green, not being served with summons, did not appear. The cause was tried before the court, a jury being waived.

The court below finds that the Improvement Company, on April 4, 1907, being the owner, entered into a contract for the

sale of the lots to Green, and that Green thereafter duly authorized Fehren, as his agent, to resell the lots at an advanced price; that Fehren, acting under such authority, entered into the contract with Pinkston for the sale to appellant, receiving $200 as part payment; that Fehren was not the agent of the Improvement Company, nor of Jones & Company, and that Green approved of the contract made by Fehren as his agent. Upon these findings it reached the conclusion that appellant had not made a case against either the Improvement Company or Jones & Company, and entered judgment of dismissal, and appellant brings the case here.

The evidence strongly supports the findings of the court, and is susceptible of none other. The only connection between the Improvement Company and Fehren is that Fehren and Jones were agents of the Improvement Company in the sale of property in this addition on behalf of the Improvement Company. The Improvement Company had no part nor interest in the sale by Green to appellant, and the fact that Fehren was its agent for the sale of its lots is not evidence that, in negotiating the sale of the lots by Green to appellant, he was acting other than as agent for Green. There can be no question from the evidence but that he was authorized by Green to sell the lots. Neither had Fehren any connection with Jones & Company other than that they were both authorized by the Improvement Company to sell its property, and maintained offices in the same room. Each acted independently of the other, and maintained his own separate relation with the Improvement Company. The payment of the $200 was not a payment to the Improvement Company, nor to Jones, neither of whom had any connection with the sale to appellant; and there could be no recovery of the $200 except from Fehren or his principal Green. Fehren left Seattle in May, 1907, and some time thereafter Jones found a certificate of deposit in the sum of $150, among some papers belonging to Fehren. The certificate was indorsed in blank by Fehren, and on the envelope in which it was contained was noted:

"A deposit on the sale of the lots from Green to Jones." Jones took the certificate and deposited it in the bank in his own account, and has ever since held the same subject to the order of Fehren. This would not, however, subject him to a liability for the $150, upon the cause of action pleaded, and in so finding the court below was right.

Respondent moves to dismiss the appeal, but having reached an affirmance of the judgment, we do not pass upon the motion to dismiss. The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.